‾FILED

1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Baker - State Bar No. 261303
   hmb@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2041 Rosecrans Avenue
5  Third Floor
   El Segundo, California  90245
6  Telephone: (310) 536-1000
   Facsimile: (310) 536-1001
7
   *Counsel for Plaintiff and all*
8  *others similarly situated*

2012 JUL 26  PM 3: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

9
10              UNITED STATES DISTRICT COURT
11              CENTRAL  DISTRICT OF CALIFORNIA

12  JACOB PEREIRA, on behalf of himself )  Case No.  CV12-6428-PA
    and all others similarly situated,   )              (VBKx)
13                                        )
                  Plaintiff,             )  CLASS ACTION
14                                        )  COMPLAINT FOR:
                     v.                   )
15                                        )  1. VIOLATION OF PENAL CODE §
    NEW VITALITY CORPORATION, a          )  630, et seq;
16  New York corporation; NAC            )
    VITAMIN COMPANY INC., a New          )  2. VIOLATION OF CALIFORNIA'S
17  York corporation; NAC MARKETING      )  UNFAIR COMPETITION LAWS
    COMPANY, LLC, a Delaware limited     )  ("UCL"); Bus. & Prof. Code §17200
18  liability company; and DOES 1-10,    )  et seq.
    inclusive,                           )
19                                        )
                  Defendants.            )  DEMAND FOR JURY TRIAL
20                                        )
21                                        )
22                                        )
23                                        )
24  _____ )
25
26
27
28

1   Plaintiff Jacob Pereira, on behalf of himself and all others similarly situated,

2   alleges the following upon information and belief based upon investigation of

3   counsel, except as to his own acts, which he alleges upon personal knowledge:

4                                       **PARTIES**

5   1.   Plaintiff Jacob Pereira is a resident of Los Angeles County, California and

6        contacted Defendants via their customer service hotline in the summer of

7        2012 to gain information about their product, "Ageless Male," including how

8        it worked, if it was safe, and how long it lasted.   Without his knowledge or

9        consent, and without any disclosure whatsoever, Defendants intentionally

10       recorded the confidential telephone call.

11  2.   Plaintiff is informed and believes, and thereon alleges, Defendant New

12       Vitality Corporation is a New York corporation with its principal place of

13       business in Suffolk county, New York.  Plaintiff is informed and believes,

14       and thereon alleges, Defendant NAC Vitamin Company Inc. is a New York

15       corporation with its principal place of business in Nassau county,  New York.

16       Plaintiff is informed and believes, and thereon alleges, Defendant NAC

17       Marketing Company, LLC is a Delaware limited liability company.

18       Defendants New Vitality Corporation, NAC Vitamins Company Inc., and

19       NAC Marketing Company, LLC make a practice of intentionally recording

20       the confidential telephone communications of their customers, without their

21       knowledge or consent.

22  3.   The true names and capacities of the Defendants sued herein as DOES 1

23       through 10, inclusive, are currently unknown to Plaintiff, who therefore sues

24       such Defendants by fictitious names.  Each of the Defendants designated

25       herein as a DOE is legally responsible for the unlawful acts alleged herein.

26       Plaintiff will seek leave of Court to amend this Complaint to reflect the true

27       names and capacities of the DOE Defendants when such identities become

28       known.

*LAW OFFICES*
**KIRTLAND & PACKARD LLP**

4.   At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

5.   A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

6.   This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7.   Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

8.   In the summer of 2012, Plaintiff called Defendants' customer service telephone number (1-888-661-7134) to gain information about their product, "Ageless Male," how it worked, if it was safe, and how long it lasted. Plaintiff was transferred to a customer service representative and Plaintiff proceeded to ask several questions about the product.  After gaining the information Plaintiff needed to make an informed decision about potentially ordering Defendants' product, Plaintiff concluded his telephone conversation with the representative and hung up.

9.   Plaintiff was not aware that the call was being recorded.  Defendants did not, at any point during either the recorded message at the beginning of the call or

KIRTLAND & PACKARD LLP
LAW OFFICES

KIRTLAND & PACKARD LLP
LAW OFFICES

1    during the telephone conversation with Defendants' customer service

2    representative, advise Plaintiff that the call was being recorded.  Plaintiff did

3    not give either express or implied consent to the recording.

4    10.    After completing his call, Plaintiff learned that Defendants make a habit and

5    practice of recording every incoming telephone call to their customer service

6    line.  Such communications are considered to be confidential to those

7    customers and potential customers who call Defendants because such

8    communications are carried on under circumstances that reasonably indicate

9    that the customer-party to the communication desires it to be confined to

10   them and Defendants.

11   11.    Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing violations of

12   privacy of hundreds of thousands of people nationwide and to recover

13   damages because of this unlawful practice.

14              **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

15   12.    Plaintiff brings this action on behalf of himself, on behalf of all others

16   similarly situated, as members of the class (referred to hereafter as the

17   "Class") defined as follows:

18   California Class: The class the Plaintiff seeks to represent consists of all

19   persons who are citizens or residents of California whose telephone

20   conversation with Defendants was intentionally recorded or monitored by

21   Defendants, without knowledge or consent,  during the four years preceding

22   the filing of this complaint through the date of final judgment in this action.

23   Excluded from the class are Defendant, any parent, subsidiary, affiliate, or

24   controlled person of Defendant, as well as the officers and directors of

25   Defendant, and the immediate family member of any such person.  Also

26   excluded is any judge who may preside over this case.

27   13.    This action is brought and may be properly maintained as a class action

28   pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and

23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

14.   [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members.  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

15.   [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a)   Whether Defendants intentionally record or monitor confidential telephone communications;

(b)   Whether Defendants obtain consent before intentionally recording or monitoring confidential telephone communications;

(c)   Whether Defendants' conduct constitutes a violation of California Penal Code sections 631(a), 632(a) and/ or 637;

(d)   Whether Defendants' conduct is "unfair" under Bus. & Prof. Code Section 17200;

(e)   Whether, as a result of Defendants' misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

16.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendants' common

LAW OFFICES
KIRTLAND & PACKARD LLP

1    course of conduct as complained of herein. The losses of each member of the

2    Class were caused directly by Defendants' wrongful conduct as alleged

3    herein.

4   17.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the

5    interests of the members of the Class. Plaintiff has retained attorneys

6    experienced in the prosecution of class actions, including complex consumer

7    and mass tort litigation.

8   18.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available

9    methods of fair and efficient adjudication of this controversy, since individual

10    litigation of the claims of all Class members is impracticable. Even if every

11    Class member could afford individual litigation, the court system could not.

12    It would be unduly burdensome to the courts in which individual litigation of

13    numerous issues would proceed. Individualized litigation would also present

14    the potential for varying, inconsistent, or contradictory judgments and would

15    magnify the delay and expense to all parties and to the court system resulting

16    from multiple trials of the same complex factual issues. By contrast, the

17    conduct of this action as a class action, with respect to some or all of the

18    issues presented herein, presents fewer management difficulties, conserves

19    the resources of the parties and of the court system, and protects the rights of

20    each Class member.

21   19.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by

22    thousands of individual Class members would create the risk of inconsistent

23    or varying adjudications with respect to, among other things, the need for and

24    the nature of proper notice, which Defendants must provide to all Class

25    members.

26   20.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by

27    individual class members would create a risk of adjudications with respect to

28    them that would, as a practical matter, be dispositive of the interests of the

LAW OFFICES
KIRTLAND & PACKARD LLP

1    other Class members not parties to such adjudications or that would

2    substantially impair or impede the ability of such non-party Class members to

3    protect their interests.

4    21.   [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects

5          generally applicable to the Class, thereby making appropriate final injunctive

6          relief with regard to the members of the Class as a whole.

7                              **FIRST CAUSE OF ACTION**

8                              **Penal Code § 630, et seq.**

9                   **(By Plaintiff and the Class Against All Defendants)**

10   22.   Plaintiff hereby incorporates paragraphs 1-21 above as if set forth in full.

11   23.   As part of the California Invasion of Privacy Act, the Legislature enacted

12         section 632 of the California Penal Code in 1967 to address the growing

13         concern that "advances in science and technology have led to the

14         development of new devices and techniques for the purpose of eavesdropping

15         upon private communications and that the invasion of privacy resulting from

16         the continual and increasing use of such devices and techniques has created a

17         serious threat to the free exercise of personal liberties and cannot be tolerated

18         in a free and civilized society."  Cal. Penal Code § 630.

19   24.   Section 632 prohibits the intentional and unconsented recording, monitoring,

20         and/or eavesdropping upon confidential telephone communications by means

21         of any electronic amplifying or recording device, including a wiretap.

22         "Intentional" within the context of section 632 merely requires that a

23         defendant intend that the confidential communication be recorded, monitored,

24         and/or eavesdropped upon.  *See People v. Superior Court of Los Angeles*

25         *County*, 70 Cal. 2d 123, 133 (1969).  No other wrongful or surreptitious

26         intent is required, only that the defendant intended to record the confidential

27         communication is necessary.

28

LAW OFFICES
KIRTLAND & PACKARD LLP

25. Plaintiff is informed and believes, and thereon alleges that Defendants knowingly violated Cal. Pen Code § 632 by habitually, and making a practice of, recording, monitoring, and/or eavesdropping upon every confidential communication of its customers and potential customers.  Such communications are considered to be confidential to those customers and potential customers who call Defendants because such communications are carried on under circumstances that reasonably indicate that the customer-party to the communication desires it to be confined to them and Defendants.

26. Plaintiff is informed and believes, and thereon alleges that all of Defendants' employees are trained and/or directed to record all confidential communications with customers and potential customers by means of recording device and/or wiretap.  Such employees are agents of Defendants and were acting within the course and scope of employment of Defendants when such confidential communications were recorded, monitored, and/or eavesdropped upon without Plaintiff's or the Class's knowledge.

27. Plaintiff is informed and believes, and thereon alleges that the foregoing recording, monitoring, and/or eavesdropping on said confidential communications without consent via recording device, including but not limited to wiretapping, constitutes a violation of California Penal Code sections 631(a) and 632.6(a).

28. Based on the foregoing violations, Plaintiff and members of the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher.

29. Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

## SECOND CAUSE OF ACTION

## Business and Professions Code § 17200, et seq.

## (Violation of the Unfair Competition Law)

## (By Plaintiff and the Class Against All Defendants)

30.    Plaintiff hereby incorporates paragraphs 1-29 above as if set forth in full.

31.    California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

32.    The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

33.    The intentional and unlawful recording, monitoring, and/or eavesdropping upon Plaintiff and the Class's confidential communications with Defendants via recording device without consent is an unlawful, unfair, and fraudulent business practice as it violates section 630 et seq. of the Penal Code.  These unlawful practices are thus prohibited by the UCL.

34.    In carrying out such unlawful business practices, Defendants have violated sections 631(a) and 632.6(a) of the California Penal Code, and various other laws, regulations, statutes, and/or common law duties.  Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

35.    The harm to Plaintiff and members of the public outweighs the utility of Defendants' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

36.    Defendants' practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any

1    countervailing benefits to consumers, Defendants' business, or to

2    competition, and is not an injury the consumers themselves could have

3    reasonably avoided.

4    37.    Defendants' practices, as set forth above, are unlawful business practices

5    because they violate section 630 et seq. of the Penal Code and constitute

6    unscrupulous, unethical, and substantially injurious conduct to consumers.

7    Consequently, Defendants' practices constitute an unlawful and unfair

8    business practice within the meaning of the UCL.

9    38.    Pursuant to California Business and Professions Code § 17204, an action for

10    unfair competition may be brought by any "person . . . who has suffered

11    injury in fact and has lost money or property as a result of such unfair

12    competition."   Plaintiff and the Class are entitled to statutory damages or

13    three times the amount of actual damages, whichever is higher, pursuant to

14    section 637.2(a) and as such have suffered harm within the meaning of

15    section 630 et seq. of the Penal Code.

16    39.    The unlawful, unfair, and fraudulent business practices of Defendants are

17    ongoing and present a continuing threat to members of the public.

18    40.    Pursuant to the UCL, Plaintiff and the Class are entitled to and seek

19    preliminary and permanent injunctive relief ordering Defendants to cease

20    these unlawful business practices.

21                            **PRAYER FOR RELIEF**

22    WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

23    relief and judgment as follows:

24    1.    For preliminary and permanent injunctive relief enjoining Defendants,

25    their agents, servants and employees, and all persons acting in concert with them,

26    from engaging in, and continuing to engage in, the unfair, unlawful and/or

27    fraudulent business practices alleged above and that may yet be discovered in the

28    prosecution of this action;

LAW OFFICES
KIRTLAND & PACKARD LLP

2.     For certification of the putative class;

3.     For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4.     For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5.     An award of statutory damages of $5,000 per violation pursuant to section 637.2(a) of the Penal Code;

6.     An award of general damages according to proof;

7.     An award of special damages according to proof;

8.     Exemplary damages;

9.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

10.    For costs of suit; and

11.    For such other and further relief as the Court deems just and proper.

DATED: July 24, 2012                    KIRTLAND & PACKARD LLP

By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. BAKER
*Counsel for Plaintiff and all others
similarly situated*

LAW OFFICES
KIRTLAND & PACKARD LLP

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of actions so triable.

DATED: July 24, 2012                    KIRTLAND & PACKARD LLP

                                        By: _____
                                        MICHAEL LOUIS KELLY
                                        BEHRAM V. PAREKH
                                        HEATHER M. BAKER
                                        *Counsel for Plaintiff and all others*
                                        *similarly situated*

LAW OFFICES
KIRTLAND & PACKARD LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 6428 PA (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JACOB PEREIRA, on behalf of himself and all others similarly situated,

**DEFENDANTS**

NEW VITALITY CORPORATION, a New York corporation; NAC VITAMIN COMPANY INC., a New York corporation; NAC MARKETING COMPANY, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael Louis Kelly - SBN 82063
Kirtland & Packard LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, CA 90245
310-536-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332(d)(2)(A) - Class Action Fairness Act Diversity. Inappropriate monitoring of telephone calls without consent.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

CV12-6428

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)      [ ]    A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]    B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]    C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]    D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Pereira - Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Vitality Corporation - New York; NAC Vitamin Company Inc -New York; NAC Marketing Company, LLC - Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Pereira - Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date July 23, 2012

Michael Louis Kelly

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

Name & Address:
Michael Louis Kelly - SBN 82063
Kirtland & Packard LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, CA 90245



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JACOB PEREIRA, on behalf of himself and all others similarly
situated,

PLAINTIFF(S)

v.

NEW VITALITY CORPORATION, a New York corporation; NAC VITAMIN
COMPANY INC., a New York corporation; NAC MARKETING COMPANY,
LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

DEFENDANT(S) .

CASE NUMBER

**CV12-6428**-PA (VBKx)

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within 21      days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint
[ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Michael Louis Kelly          , whose address is
2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245          . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUL 2 6 2012

By: _____
     **MARILYN DAVIS**
     Deputy Clerk

     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*